

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES THOMAS, SR.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 10-3013** |
| **ROBERT TANNER, WARDEN** | * | **SECTION: "R"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

Petitioner, James Thomas, Sr., is a state prisoner currently incarcerated in the Rayburn Correctional Center in Angie, Louisiana, where he is serving a twenty year sentence. Thomas was convicted on February 23rd, 2005, after a plea of guilty in the Twenty-

Fourth Judicial District Court, Parish of Jefferson, Louisiana, to one count of driving while intoxicated, fourth offense and one count of driving while his license was suspended. Based upon prisoner records requested by this court and submitted by the State, it appears that petitioner is also incarcerated pursuant to convictions arising out of the parishes of Lafourche and Ascension (see 5 page attachment to this Report and Recommendation). Petitioner, however, has filed the instant petition for relief pursuant to 28 U.S.C. § 2254, specifically seeking relief from convictions in Case Nos. S724143 and S724416, obtained in the Second Parish Court for Jefferson Parish in 2000. The record shows that, in Case No. S724143, petitioner was charged on September 9, 1999, with one count of driving while intoxicated, in violation of La.R.S. 14:98; one count of driving with a suspended license, in violation of La.R.S. 32:415; one count of failure to secure a child in a seat, in violation of La.R.S. 32:295.C; and, one count of child endangerment, in violation of La.R.S. 14:98.J. On September 10, 1999, in Case No. S7324416, petitioner was charged by bill of information, with one count of driving while intoxicated, a violation of La.R.S. 14:98; one count of driving with an expired license, a violation of La.R.S. 32:412; four counts of child endangerment, in violation of La.R.S. 14:98.J, and one count of improperly changing lanes, in violation of La. R.S. 32:79.

On October 26, 2000, petitioner entered a plea of guilty in both cases.[1] In Case S124143, he pled guilty to the reduced charge of reckless operation, in violation of La.R.S.

---

[1] Both cases were on the docket of the Second Parish Court, Parish of Jefferson.

2

14:99, paid a fine of $300.00 and costs of $164.50. The remaining charges were dismissed by the State. In Case. No. S7324416, petitioner pled guilty to the charge of driving while intoxicated, and was sentenced to 30 days in parish prison, suspended, and placed on active probation for a term of one year.[2] The State dismissed the remaining charges.[3] Petitioner sought no appeal of these convictions nor did he file for post-conviction relief relative to these two convictions.[4]

On August 29, 2010, petitioner signed and dated his federal habeas petition, which was filed in this court on September 9, 2010. In support of his application, he claims that his two October 26, 2000 convictions via guilty plea were invalid because (1) the trial judge failed to inform petitioner that he was waiving his rights to a jury trial and that the sentence could be used to enhance his present sentence; and, 2) the invalid guilty pleas/convictions were used as a predicate conviction upon which petitioner's current sentence was enhanced and petitioner has no other way to attack said convictions other than pursuant to 28 U.S.C. §2254. The State filed its response to petitioner's habeas application with this court on December 6, 2010, asserting that the petition is untimely, unexhausted and, petitioner is no

---

[2] Petitioner was also required to participate in a driving improvement school, a substance abuse program, provide 32 hours of community service and pay a fine of $300.00 and costs of $164.50. See Waiver of Rights Form, State Rec. vol. 2.

[3] The transcript of the October 26, 2000 state guilty plea proceedings is located in Fed. Doc. 1-2.

[4] Petitioner only indicates in his petition that he filed for post-conviction relief in Ascension Parish relative to another conviction, for which the Jefferson conviction served to enhance his sentence.

3

longer in custody pursuant to the convictions under attack.

## ANALYSIS

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Once a sentence imposed for a conviction has completely expired, a federal habeas corpus petitioner is no longer considered to be "in custody" with respect to that conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Because petitioner is not in custody based on the 2000 Jefferson Parish convictions, this Court lacks subject matter jurisdiction to entertain a challenge to those convictions. See *Johnson v. Hubert*, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D.La. Apr. 11, 2008). Thus, construing the petition as a direct challenge to the two convictions obtained in Jefferson Parish in 2000, the petition must be dismissed.

However, if a petitioner is "in custody" for a subsequent conviction, and if the sentence imposed for that subsequent conviction was enhanced based on the prior conviction, then the habeas corpus petition alleging the invalidity of the prior conviction may be construed as a petition challenging the subsequent sentence. In that circumstance, the custody requirement is met and the jurisdictional problem no longer exists. *Maleng*, 490 U.S. at 493-94. That scenario is arguably present in this case. Therefore, out of an abundance of caution, and construing the instant petition "with the deference to which pro se litigants are entitled," see *id.* at 493, the Court will consider the instant petition as a challenge to the use

4

of the 2000 convictions for purposes of enhancing a sentence currently being served by petitioner.

Thomas specifically asserts that the Jefferson Parish convictions in Case Nos. S724143 and S724416 were used to enhance his sentence received in Ascension Parish, Case No. 14749, for which he was sentenced to 35 years as a multiple offender.[5] In a state such as Louisiana, where two or more federal judicial districts are located, an application for writ of habeas corpus may be filed in the district court for the district where the prisoner was convicted (in this case, the Middle District), or in the district where the prisoner is located (Rayburn Correctional is located in Washington Parish, which is located in the Eastern District of Louisiana). Although the U.S. District Court for the Middle District and for the Eastern District of Louisiana thus share concurrent jurisdiction, a federal habeas challenge to the conviction and sentence given in Ascension Parish is more properly brought in the Middle District of Louisiana since the records and the prosecuting district attorney are located in the Middle District. See 28 U.S.C. 2241(d); and, 28 U.S.C. §98. Nevertheless, there would be no benefit in transferring this case to the Middle District since it is clear Thomas' petition is subject to dismissal.

Thomas' challenges to the guilty pleas obtained in Jefferson Parish in 2000 which were used to enhance his sentence given in the 23rd Judicial District Court for Ascension Parish are foreclosed by *Lackawanna County District Attorney v. Cross*, 532 U.S.

---

[5] See Fed. Doc. 1-2, page 4 of Brief in Support of Petition.

394 (2001).[6] In *Lackawanna*, the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04 (citation omitted).

Petitioner's 2000 convictions are no longer open to direct or collateral attack, in that his sentence for those convictions have fully expired, thus petitioner is not "in custody" as required for subject matter jurisdiction.[7] Moreover, *Lackawanna* clearly prohibits Thomas from challenging his enhanced sentence obtained in Ascension Parish in a § 2254 petition.[8]

---

[6] Petitioner also mentions that the two Jefferson Parish convictions from 2000 were used to enhance another conviction and 35 year sentence obtained in Lafourche Parish. Also, it appears that one of the convictions from Jefferson Parish, Case No. S7324416, was used for enhancement purposes in his Jefferson Parish 2005 conviction (Case No. 02-1343, Division "N", on the docket of the Twenty-Fourth Judicial District Court, Parish of Jefferson, Louisiana), which was the subject of federal habeas attack in Civil Action 10-1795 "R"(6). Regardless of which conviction and sentence which petitioner attempts to attack based upon the predicate convictions at issue here, *Lackawanna* would bar relief.

[7] Additionally, the federal limitations period for any such attack ended long ago. The federal time limitations for *directly* attacking the 2000 convictions would have expired within one year of those convictions becoming final, i.e., in November 2001.

[8] The Supreme Court noted that the *Lackawanna* prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the petition for federal habeas corpus relief filed by James Thomas, Sr. be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[9]

New Orleans, Louisiana, this 29th day of August, 2011.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

was a failure to appoint counsel as required by *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S. at 404. That limited exception is inapplicable in this case, as the transcript for the 2000 Jefferson Parish guilty plea proceedings indicates that Thomas was represented by Attorney Thomas Schexnayder. See Fed. Doc. 1-2, labeled Exhibit "I".

[9]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

Print at: Friday, August 26, 2011 09:47:49
Host: BDEETERS
User: bdeeters



Attachment
Civil Action 10-3013 "R"

Print at: Friday, August 26, 2011 09:48:00
    Host: BDEETERS
    User: bdeeters



Print at: Friday, August 26, 2011 09:48:07
    Host: BDEETERS
    User: bdeeters



Print at: Friday, August 26, 2011 09:48:14
    Host: BDEETERS
    User: bdeeters



Print at: Friday, August 26, 2011 09:48:21
Host: BDEETERS
User: bdeeters

