```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

JAMES THOMAS, SR.                                CIVIL ACTION

VERSUS                                           NO: 10-3013

ROBERT TANNER, WARDEN                            SECTION: R

**<u>ORDER</u>**

The Court, finding that as of this date neither party has filed any objections to the Magistrate Judge's Report and Recommendations,[1] hereby approves the Report and adopts it as its opinion.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show

---

[1]   R. Doc. 8.

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Thomas's petition does not satisfy these standards. Thomas may not attack his 2000 convictions either directly or collaterally, as his sentence for those convictions has fully expired. He is thus no longer "in custody" as required for subject matter jurisdiction in this Court. Further, as noted in the Magistrate Judge's Report, *Lackawanna Cnty. Dist. Atty. v. Coss* clearly precludes Thomas from challenging an enhanced sentence through a Section 2254 petition on the ground that an expired prior conviction was unconstitutionally obtained. *See* 532 U.S. 394 (2001). These issues would not engender debate among reasonable jurists.

Accordingly, James Thomas's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 24th day of October, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE